**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

FILED ENTERED
LODGED RECEIVED
MAY 2 3 2014
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

1. This affidavit is in support of search and seizure warrant for the following locations (hereinafter collectively referred to as "TARGET locations"):

   a. Yahoo! Inc., a business with offices located at 701 First Avenue, Sunnyvale, California 94089. For probable cause related to Yahoo! Inc., see ¶¶ 8-17 and 19.

   b. Google, Inc., a business with offices located at 1600 Amphitheatre Parkway, Mountain View, California 94043. For probable cause related to Google, Inc., see ¶¶ 8-18,

2. This affidavit is in support of search and seizure warrant for the Yahoo Email account nybusinessdeals@yahoo.com further described in Attachment A1 for the items described in Attachment B1, and for the Google Email account nybusinessdeals@gmail.com further described in Attachment A2 for the items described in Attachment B2.

**Affiant's Background Expertise:**

3. Your affiant, Dexter Hodges, Task Force Officer (TFO), of the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), United States Department of Justice, is a law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, federal felony offenses.

4. Your affiant has been a TFO with ATF for approximately 1 year, assigned to the Arson and Explosives Group I, in Baltimore, Maryland. Your affiant has conducted numerous state and federal arson investigations. Your affiant is also a detective for the Maryland State Fire Marshal's Office, an agency within the Maryland Department of State Police. Your affiant is a certified law enforcement officer through the Maryland Police Training Commission. Your

1

affiant has received extensive training in the determination of the origin and cause of fires. Further, your affiant is certified as a fire investigator through the National Association of Fire Investigators (NAFI).

5. Previously, your affiant was a firefighter with Montgomery County Fire Rescue Service (MCFRS) in Rockville, MD for over eight years. While with MCFRS, your affiant also assisted in fire investigations as an Assistant State Fire Marshal. Additionally, your affiant has participated in numerous classes and seminars related to the field of fire, arson and post blast investigations.

6. In support of the application and affidavit, your affiant has met with, interviewed, and obtained and reviewed information from several sources of information, including city, state and federal law enforcement officers, concerning the alleged violations of federal laws by Julia TERYAEVA-REED. As a result, your affiant believes there is probable cause that TERYAEVA-REED has committed, and conspired with others to commit, violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 844(h)(1) (use of fire to commit wire/mail fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud). As set forth herein, there is probable cause to believe that concealed within the TARGET "Google" and "Yahoo" email accounts, there exists evidence, fruits, and instrumentalities of federal conspiracy, arson, mail and wire fraud offenses, in violation of 18 U.S.C. §§ 371, 844(h)(1), 1341 and 1343, that will assist in the government's ongoing investigation into a residential incendiary fire that occurred at 3033 Walbrook Ave Baltimore, MD and two vehicle fires that occurred at the 2700 block of Walbrook Ave Baltimore, MD, on or about August 26, 2013.

7. This affidavit is being submitted for the limited purpose of establishing probable cause

for a search and seizure warrant and your affiant has not included every detail of every aspect of the investigation. Your affiant has set forth only those facts that your affiant believe are necessary to establish probable cause. As part of the investigation, a number of individuals have been interviewed by both ATF and the Baltimore City Police Department (hereinafter "BPD"). The information contained in this affidavit is based upon your affiant's personal knowledge, review of documents and other evidence, and conversations with other law enforcement officers, and other individuals. All conversations and statements described in this affidavit are related in substance and in part, unless otherwise indicated.

## THE TWO INCENDIARY FIRES AT WALBROOK AVE

8. Your affiant knows that on August 26, 2013, at approximately 1:55 a.m., a fire was reported at a single family residence located at 3033 Walbrook Ave Baltimore, Maryland 21216 (hereinafter the "Walbrook home"). The residence is owned by Julia TERYAEVA-REED. The Walbrook home was heavily damaged and resulted in fire suppression response by the Baltimore City Fire Department. The fire scene was examined by the Baltimore City Fire Department (Fire Investigation Bureau), Police Department (Criminal Investigation Division) and fire investigators with Ronald Thomsen and Associates, Incorporated. Investigators believed the area of origin was located on the first floor in close proximity to stairs leading to the second floor. Investigators also believed the fire was intentionally set. The fire extended to the residences on either side of 3033 Walbrook Ave., and did considerable damage.

9. Simultaneous to the Walbrook home fire, multiple vehicle fires occurred at the 2700 block of Walbrook Ave Baltimore, MD. Fire units arrived to find two vehicles parked on the west side of the street next to a church. Both vehicles, later determined to be a 1999 Cadillac

Escalade and a 1997 Plymouth Grand Voyager, were fully engulfed in flames. The fire extended to a nearby church and caused extensive fire damage. Baltimore City Fire Investigators determined the cause of both vehicle fires to be Incendiary, due to an unknown suspect's use of an open flame to ignite the interior passenger compartments.

10. A follow-up investigation by CID revealed Julia TERYAEVA-REED as the owner of the Walbrook home and both vehicles. The Walbrook home was determined to be a total loss by the insurance adjuster representing John's Eastern Company, Incorporated. TERYAEVA-REED's insurance company, White Pine Insurance, was scheduled to pay TERYAEVA-REED $100,000 for the loss, but terminated the process after being notified by investigators of the arson determination.

11. Further investigation revealed TERYAEVA-REED owned several rental properties within Baltimore City. Interviews with TERYAEVA-REED's former employees revealed her attempt to fraudulently collect insurance money by staging the Walbrook home to appear occupied by a tenant before intentionally setting fire to the property. These details include a plan to procure renter's insurance on the Walbook home prior to the fire in an effort to collect insurance money on said policy from an individual who did not reside at the residence. Former employees also revealed REED's fraudulent intentions at collecting insurance money after setting fire to her vehicles.

12. Review of financial records has revealed that TERYAEVA-REED had a financial motive to commit arson and insurance fraud based on her enormous financial debt at the time of the fire. Examination of her financial records by a financial auditor revealed multiple bankruptcies and court judgments (over $200,000).

13. At various times, TERYAEVA-REED has made statements to law enforcement with respect to this ongoing investigation, as well as to White Pine Insurance, the insurance carrier that held the policy for the Walbrook Ave. residence, and GEICO, the insurance carrier that held the policy for the two vehicles in question. Through the course of those interviews, in sum and substance, TERYAEVA-REED stated that that on August 25, 2013, the night before the fires, at about 8:00 p.m., she drove Greg Ramsey, an employee, from her home in Essex, MD to his home, located 30 minutes away. She said she returned to her home at 9:00 pm and remained at that house there through the following morning when she received a phone call from a "Board Up" company at 8:30 am. TERYAEVA-REED said the company notified her of the fire at the Walbrook home. TERYAEVA-REED said she then called an employee to check on the house.

14. Cell site records conflict with TERYAEVA-REED's statement. After examining TERYAEVA-REED's cellular site records, a cellular forensic investigator determined TERYAEVA-REED's location to be 12 miles west of her home before, during and after the time(s) of the fires. In fact, at the time(s) of the fires, the investigator was able to determine TERYAEVA-REED's location to be in close proximity to the Walbrook home and 2700 block of Walbrook Ave.

15. Your affiant was informed in October 2013, of TERYAEVA-REED's intention to return to her home country of Ukraine.1 While attempting to locate REED for questioning, your affiant learned that REED had purchased a one way airline ticket to Ukraine, departing October 7, 2013. The Baltimore City State's Attorney's Office issued an arrest warrant for TERYAEVA-REED.

---

1 During the Defendant's Initial Appearance in District Court for Maryland, TERYAEVA-REED indicated that her country of origin was Russia for consular notification purposes; it was noted that the area of the Ukraine where she had been born and raised, Crimea, had recently been annexed/taken over by Russia.

5

Your affiant, along with ATF special agents and New York City police detectives, served the arrest warrant at JFK Airport on October 7, 2013.

16. During a subsequent post Miranda interview on October 7, 2013, TERYAEVA-REED stated she knew who set the fires but refused to divulge the responsible parties.

17. TERYAEVA-REED was charged in United States District Court for the District of Maryland by way of Criminal Complaint with Use of Fire to Commit Wire Fraud, in violation of 18 U.S.C. § 844(h)(1), filed on April 22, 2014. See Criminal Complaint, 14-0969 TJS. Subsequently, a Federal Grand Jury sitting in the Northern Division, U.S. District Court for the District of Maryland, handed up a true bill alleging a violation of the same statute on April 30, 2014.

### nybusinessdeals@gmail.com - Name on Account: Julia Teryaeva-Reed

18. During the interview on October 7, 2013, TERYAEVA-REED provided the email address nybusinessdeals@gmail.com to your affiant as her contact email. In addition, review of documents received from GEICO insurance show that the email address nybusinessdeals@gmail.com was noted as being a contact email address for TERYAEVA-REED in connection with the claims she submitted for the two vehicles destroyed by fire on August 26, 2013. Notes from GEICO reflect correspondence sent to/from that email address on multiple occasions, beginning on or about September 9, 2013. Your affiant knows that TERYAEVA-REED had the ability to use the email to send and receive capabilities through her computer or cellular phone utilizing the above email address. Your affiant has sent a preservation letter to Google to preserve the stored contents account.

nybusinessdeals@yahoo.com – Name on Account: Julia Teryaeva-Reed

19. Reviewing documents provided by GEICO, it was noted that as of May 26, 2013, TERYAEVA-REED provided the email address nybusinessdeals@yahoo.com as her contact email address. Further, when making her travel arrangements for her October 7, 2013 flight to the Ukraine/Russia, TERYAEVA-REED provided the email address nybusinessdeals@yahoo.com to CheapOAir.com when she booked her flight on July 16, 2013. Your affiant knows that TERYAEVA-REED had the ability to use the email to send and receive capabilities through her computer or cellular phone utilizing the above email address. Your affiant has sent a preservation letter to Yahoo to preserve the stored contents account.

## CONCLUSION

20. Based on the above information, there is probable cause to believe that 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 844(h)(1) (use of fire to commit wire/mail fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud), have been violated, and that evidence, fruits or instrumentalities of these offenses are contained within the nybusinessdeals@gmail.com and nybusinessdeals@yahoo.com email accounts.

21. Based upon the foregoing, your Affiant respectfully requests that this Court issue a search warrant for nybusinessdeals@gmail.com and nybusinessdeals@yahoo.com.

*[signature]*
Dexter Hodges
Task Force Officer
Alcohol, Tobacco, Firearms and Explosives

7

Subscribed and sworn to before me this 8th day of May, 2014 at Baltimore, MD.

_____
Honorable Timothy J. Sullivan
United States Magistrate Judge

14-1080TJS
14-1081TJS

## ATTACHMENT A1

DESCRIPTION OF PREMISES TO BE SEARCHED

Yahoo! Inc., 701 First Avenue, Sunnyvale, California 94089, for records associated with account nybusinessdeals@yahoo.com.

## ATTACHMENT B1
## ITEMS TO BE SEARCHED AND SEIZED

I. Search Procedure

a. The search warrant will be presented to Yahoo! Inc., personnel who will be directed to isolate that account and files described in Section II below;

b. In order to minimize any disruption of computer service to innocent third parties, Yahoo! Inc., employees will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c. Yahoo! Inc., employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant.

II. Files and Accounts to be copied by Yahoo! Inc., Employees

Such items to be seized should include the following, from January 1, 2013, to present:

a. All account information for the Yahoo! Inc., account associated with nybusinessdeals@yahoo.com including but not limited to the following screen name: nybusinessdeals@yahoo.com all of which previously were preserved by Google at the request of ATF;

b. All electronic mail stored and presently contained in, or on behalf of, the e-mail address nybusinessdeals@yahoo.com used by Julia TERYAEVA-REED and any related accounts;

c. All subscriber information (including subscriber names, addresses, telephone numbers, screen names, account numbers, status of account, duration of account, method of payment, and bank or credit card number associated with account);

d. All detailed billing records (including date, time, duration, and screen name used each time a particular account was activated);

e. A complete log file of all activity relating to the accounts (including dates, times, method of connection, port, dial-up, dedicated phone number, and/or location);

f. All images and visual depictions, in any way associated with the account(s) and in whatever form stored; and

g. Any other accounts associated with the subscriber.

Copies of the above-described records and stored information should be obtained from original storage and provided on CD-R (CD recordable) media.

III. Items to be Seized by the United States

The United States is authorized to seize and search the items identified in Section II above and to perform the search processes described above to search for and seize the following electronic information identified with particularity below that (a) constitutes evidence relating to arson, mail and wire fraud offenses, in violation of 18 U.S.C. Sections 371, 844(h), 1341, and 1343:

    a.      account information for the accounts: nybusinessdeals@yahoo.com, which would aid in establishing that Julia TERYAEVA-REED used the above accounts;

    b.      electronic mail provided by Yahoo! Inc., pursuant to Section II of this Attachment B that refer or relates in any way to Julia TERYAEVA-REED, the Walbrook home and the vehicles referenced (1999 Cadillac Escalade and the 1997 Plymouth Grand Voyager) in the Affidavit;

        i.      any contractors or monies expended on the Walbrook home and the vehicles referenced in the Affidavit, any reference to White Pine Insurance, GEICO Insurance, or any insurance company.

        ii.      any discussions that relate in any way to TERYAEVA-REED's finances, or the finances of any of her employees/independent contractors/associates.

        iii.      any documents that refer or relate in any to the whereabouts of the persons set forth in this affidavit in or about August of 2013, and presently, including any of her employees/independent contractors/associates.

        iv.      any plans/arrangements to travel, including international travel.

        v.      any images sent, to include any images of the interior/exterior of any properties and/or vehicles owned by TERYAEVA-REED.

    c.      subscriber information (including subscriber names, addresses, telephone numbers, screen names, account numbers, status of account, duration of account, method of payment, and bank or credit card number associated with account);

    d.      account history (including customer Terms of Service and any complaints);

    e.      billing records (including date, time, duration, and screen name used each time a particular account was activated);

    f.      For the time period from January 1, 2013 through present, a complete log file of all activity relating to the accounts (including dates, times, method of connection, port, dial-up, dedicated phone number, and/or location);

    g.      images and visual depictions that refer or relate in any way to the arsons in August of 2013 described in the Affidavit of the Walbrook home or the two vehicles.

    h.      For the time period from January 1, 2013 through present, electronic information pertaining to Julia TERYAEVA-REED's possible use of other electronic communication devices or accounts.

    i.      All items enumerated above that constitute evidence, fruits, or instrumentalities

pertaining to possible arson, mail and wire fraud offenses, in violation of 18 U.S.C. Sections 371, 844(h), 1341, and 1343.

14-1081TJS

## ATTACHMENT A2
## DESCRIPTION OF ACCOUNT TO BE SEARCHED

Google, 1600 Amphitheatre Parkway, Mountain View, California 94043, for records associated with account: nybusinessdeals@gmail.com.

## ATTACHMENT B2
## ITEMS TO BE SEARCHED AND SEIZED

I. Search Procedure

a. The search warrant will be presented to Google personnel who will be directed to isolate that account and files described in Section II below;

b. In order to minimize any disruption of computer service to innocent third parties, Google employees will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c. Google employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant.

II.     Files and Accounts to be copied by Google Employees

Such items to be seized should include the following, from January 1, 2013, to present:

a. All account information for the Google account associated with nybusinessdeals@gmail.com including but not limited to the following screen name: nybusinessdeals@gmail.com all of which previously were preserved by Google at the request of ATF;

b. All electronic mail stored and presently contained in, or on behalf of, the e-mail address nybusinessdeals@gmail.com used by Julia TERYAEVA-REED and any related accounts;

c. All subscriber information (including subscriber names, addresses, telephone numbers, screen names, account numbers, status of account, duration of account, method of payment, and bank or credit card number associated with account);

d. All detailed billing records (including date, time, duration, and screen name used each time a particular account was activated);

e. A complete log file of all activity relating to the accounts (including dates, times, method of connection, port, dial-up, dedicated phone number, and/or location);

f. All images and visual depictions, in any way associated with the account(s) and in whatever form stored; and

g. Any other accounts associated with the subscriber.

Copies of the above-described records and stored information should be obtained from original storage and provided on CD-R (CD recordable) media.

III. Items to be Seized by the United States

The United States is authorized to seize and search the items identified in Section II above and to perform the search processes described above to search for and seize the following electronic information identified with particularity below that (a) constitutes evidence relating to arson, mail and wire fraud offenses, in violation of 18 U.S.C. Sections 371, 844(h), 1341, and 1343:

a. account information for the accounts: nybusinessdeals@gmail.com, which would aid in establishing that Julia TERYAEVA-REED used the above accounts;

b. electronic mail provided by Google pursuant to Section II of this Attachment B that refer or relates in any way to Julia TERYAEVA-REED, the Walbrook home and the vehicles referenced (1999 Cadillac Escalade and the 1997 Plymouth Grand Voyager) in the Affidavit;
    i. any contractors or monies expended on the Walbrook home and the vehicles referenced in the Affidavit, any reference to White Pine Insurance, GEICO Insurance, or any insurance company.
    ii. any discussions that relate in any way to TERYAEVA-REED's finances, or the finances of any of her employees/independent contractors/associates.
    iii. any documents that refer or relate in any to the whereabouts of the persons set forth in this affidavit in or about August of 2013, and presently, including any of her employees/independent contractors/associates.
    iv. any plans/arrangements to travel, including international travel.
    v. any images sent, to include any images of the interior/exterior of any properties and/or vehicles owned by TERYAEVA-REED.

c. subscriber information (including subscriber names, addresses, telephone numbers, screen names, account numbers, status of account, duration of account, method of payment, and bank or credit card number associated with account);

d. account history (including customer Terms of Service and any complaints);

e. billing records (including date, time, duration, and screen name used each time a particular account was activated);

f.  For the time period from January 1, 2013 through present, a complete log file of all activity relating to the accounts (including dates, times, method of connection, port, dial-up, dedicated phone number, and/or location);

g.  images and visual depictions that refer or relate in any way to the arsons in August of 2013 described in the Affidavit of the Walbrook home or the two vehicles.

h.  For the time period from January 1, 2013 through present, electronic information pertaining to Julia TERYAEVA-REED's possible use of other electronic communication devices or accounts.

i.  All items enumerated above that constitute evidence, fruits, or instrumentalities pertaining to possible arson, mail and wire fraud offenses, in violation of 18 U.S.C. Sections 371, 844(h), 1341, and 1343.